IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CADDELL CONSTRUCTION CO., INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | 05-915C<br>(Judge Margaret M. Sweeney) |

# DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to plaintiff's complaint, defendant admits, denies and alleges as follows.

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. Admits.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, admits the allegations contained in paragraph 4 to the extent supported by the complaint, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Denies the allegations contained in paragraph 5 that, at the time of contract award, the address for plaintiff was P.O. Box 220099, Montgomery, Alabama 36121; otherwise admits the allegations contained in paragraph 5.

6. Denies.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or

information sufficient to form a belief as to their truth.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Denies.

13. Admits the allegations contained in paragraph 13 to the extent supported by the final decision cited and the complaint, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the final decision cited and the complaint, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the final decision cited and the complaint, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the final decision cited and the complaint, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the final decision cited and the complaint, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 21.

22. The allegations contained in paragraph 22 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. Defendant's responses to paragraphs 1 through 22 of the complaint are incorporated by reference.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Denies the allegations contained in paragraph 25 that defendant required Henderson to effect repairs; defendant denies the remaining allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies.

27. The allegations contained in paragraph 27 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, admits the allegations contained in paragraph 29 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 29.

Denies that plaintiff is entitled to the relief set forth in the “Wherefore” clause immediately following paragraph 29, or to any relief whatsoever.

30. Defendant’s responses to paragraphs 1 through 22 of the complaint are incorporated by reference.

31. Admits the allegations contained in paragraph 31 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32 for lack of knowledge or

information sufficient to form a belief as to their truth.

33. The allegations contained in paragraph 33 constitute plaintiff's characterization of the case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. Admits the allegations contained in paragraph 34 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 34.

Denies that plaintiff is entitled to the relief set forth in the "Wherefore" clause immediately following paragraph 34, or to any relief whatsoever.

35. Defendant's responses to paragraphs 1 through 22 of the complaint are incorporated by reference.

36. Denies.

37. Denies.

38. Admits the allegations contained in paragraph 38 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 38.

Denies that plaintiff is entitled to the relief set forth in the "Wherefore" clause immediately following paragraph 38, or to any relief whatsoever.

39. Defendant's responses to paragraphs 1 through 22 of the complaint are incorporated by reference.

40. Denies.

41. Denies.

42. Admits the allegations contained in the first sentence of paragraph 42. Admits the allegations contained in the second sentence of paragraph 42 that Henderson ruptured the active, pressurized water main; denies the remaining allegations contained in the second sentence of paragraph 42. Denies the allegations contained in the third sentence of paragraph 42.

43. Denies.

44. Denies.

45. The allegations contained in paragraph 45 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

46. Admits the allegations contained in paragraph 46 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 46.

Denies that plaintiff is entitled to the relief set forth in the "Wherefore" clause immediately following paragraph 46, or to any relief whatsoever.

47. Defendant's responses to paragraphs 1 through 22 of the complaint are incorporated by reference.

48. Admits the allegations contained in paragraph 48 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 48.

49. Denies.

50. The allegations contained in paragraph 50 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be

deemed allegations of fact, they are denied.

51. Denies.

52. The allegations contained in paragraph 52 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the "Wherefore" clause immediately following paragraph 52, or to any relief whatsoever.

53. Defendant's responses to paragraphs 1 through 22 of the complaint are incorporated by reference.

54. Admits the allegations contained in paragraph 54 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 54.

55. The allegations contained in paragraph 55 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

58. Denies.

59. Denies that plaintiff is entitled to the relief set forth in the "Wherefore" clause

immediately following paragraph 58, or to any relief whatsoever.

60. Denies each and every allegation not previously admitted or otherwise qualified.

FIRST AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred because they were not proximately caused by defendant's actions but were proximately caused by the actions of third parties over which defendant had no control.

SECOND AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred by accord and satisfaction.

THIRD AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred by contributory negligence and the failure of plaintiff and its subcontractors to exercise due care in the performance of their work.

FOURTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred by assumption of the risk.

FIFTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred by payment.

SIXTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred by plaintiff's failure to fulfill its responsibility to coordinate the work performed by its subcontractors.

SEVENTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred by release.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Marla T. Conneely
MARLA T. CONNEELY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
tel: (202) 307-1011
fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

Connie L. Baran
US Army Corps of Engineers
Office of Counsel
100 W. Oglethorpe Ave.
P.O. Box 889
Savannah, GA 31402

January 27, 2006