IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CADDELL CONSTRUCTION CO., INC. for the use and benefit of HENDERSON ELECTRIC, HEAT & AIR CONDITIONING, INC., | ) | No. 05-915C |
| Plaintiff, | ) | Judge Sweeney |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff indicates that this Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

At the present time, the parties agree that this case should not be consolidated with any other case.

c. Bifurcation

Assuming the case proceeds to trial, the parties are not presently aware of any reason why this case should be bifurcated.

d. Deferral

At present, the parties are not aware of any reason that this case should be deferred.

e. Remand/Suspension

The parties do not request that this action be remanded or suspended at this time.

f. Joinder

Neither party seeks to join additional parties at this time.

g. Dispositive Motions

One or both parties may move for summary judgment pursuant to RCFC 56.

h. Relevant Issues

This is a government contract case concerning a public construction project: the First Brigade Barracks at Fort Bragg, North Carolina ("Project"). The United States Army Corps of Engineers ("COE") awarded and administered the contract, and Caddell Construction Co., Inc. ("Caddell") was COE's prime contractor. Henderson Electric, Heat & Air Conditioning, Inc. was Caddell's electrical subcontractor for the Project.

Pursuant to the contract, Caddell sponsored Henderson's six (6) "pass-through" claims against COE for entitlement or equitable adjustments to the contract:

1. Sprint Damage to Duct Bank Claim;
2. Smoke Detector Claim;

3. Miscellaneous Items Claim;

4. Manhole Claim;

5. Wall Receptacle Claim; and

6. Circuit/Conduit Claim.

COE's contracting officer denied all of the above-enumerated six (6) claims, in whole or in part, and this action followed.

Caddell, for the use and benefit of Henderson, alleges that COE breached its obligations under the contract by, without limitation, (a) providing inaccurate, misleading electrical drawings surveys and specifications; (b) misinterpreting electrical drawings and surveys in such a manner as to impose pragmatically impossible performance burdens in connection with performing work on the Project; (c) failing to give timely notice of allegedly nonconforming work on the Project; and (d) causing or allowing other contractors to damage contract work performed by Caddell's subcontractor, Henderson.

Caddell, for the use and benefit of Henderson, also alleges that COE was under a duty to cooperate in the performance of the contract, as well as a duty not to unreasonably delay or hinder contract performance.

Defendant has denied all material allegations of liability and has asserted the following affirmative defenses:

1. Accord and satisfaction;

2. Contributory negligence and failure to exercise due care;

3. Assumption of the risk;

4. Payment;

5. Caddell's failure to coordinate its subcontractors' work;

6. Release; and

7. Lack of proximate cause

No dispositive motions are pending at this time, nor do the parties anticipate Caddell, for the use and benefit of Henderson, filing a response to defendant's affirmative defenses unless the Court directs otherwise.

i. Settlement

The parties will continue to consider the possibility of an amicable resolution of this matter as discovery progresses.

j. Trial

As outlined above, one or both parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if any such motions are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. At this time, the parties anticipate that trial would take place in Washington, D.C., or, alternatively in Savannah, Georgia.

k. Electronic Case Management

The parties have no special issues regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, depositions, and subpoenas duces tecum and for deposition. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures: | April 14, 2006 |
| Disclosure of Expert Witnesses: | November 30, 2006 |
| Disclosure of Expert Reports: | January 31, 2007 |
| Rebuttal Expert Reports: | March 30, 2007 |
| Conclusion of Fact and Expert Discovery: | May 31, 2007 |

Respectfully submitted,

s/W. Robert Vezina, III
W. ROBERT VEZINA, III
Vezina, Lawrence &
Piscitelli, P.A.
318 North Calhoun Street
Tallahassee, Florida 32301
Tel. (850) 224-6205
Fax. (850) 224-1353

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Marla T. Conneely
MARLA T. CONNEELY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 307-0972

OF COUNSEL:

Connie Baran
US Army Corps of Engineers
Office of Counsel
100 W. Oglethorpe Ave.
P.O. Box 889
Savannah, GA 31402-0889

March 23, 2006

Attorneys for Defendant